IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MARK T.J. SALARY,**

        **Petitioner,**

   v.                              CASE NO. 19-3174-SAC

**STATE OF KANSAS,**

        **Respondent.**

## O R D E R

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254.

### Background

Petitioner was convicted in the District Court of Wyandotte County of first-degree murder and arson. Following a remand to the state district court, he is serving a sentence of life without possibility of parole for 25 years. *State v. Salary*, 437 P.3d 953 (Kan. 2019).

Petitioner commenced this action on September 10, 2019. On November 1, 2019, the Court dismissed this matter without prejudice due to petitioner's failure to submit a corrected petition and motion to proceed in forma pauperis as directed. On November 27, 2019, the Court granted petitioner's motion for order and advised him that he may move to reopen this matter but must provide a petition on the court-approved forms before such relief would be granted.

On February 6, 2020, petitioner submitted a petition (Doc. 11), two memoranda in support (Docs. 12 and 13), and a motion for leave to proceed in forma pauperis (Doc. 14).

### Discussion

The petition and supporting memoranda present seven claims for relief:

1. The State of Kansas through its agent has established an illegal contract using its mechanism of fraud.
2. The State of Kansas without petitioner's knowledge or consent elected to do business with petitioner as a corporate franchise.
3. At no time has petitioner waived his due process rights at common law.
4. The State of Kansas failed to secure an indemnity bond within its accusatory instrument and/or its records.
5. The State of Kansas in its course of doing business with the fictitious corporate franchise known as Mark T. Salary did so with an unauthorized representative of said fictitious corporate franchise.
6. The State of Kansas has no subject matter jurisdiction to proceed for want of a contract of corporate franchise or other nexus.
7. The State of Kansas through its agents has established an illegal contract utilizing mechanisms of fraud.

Under the federal habeas corpus statute, a federal court may grant habeas corpus relief only if a state court decision "resulted in a decision that was contrary to, or involved and unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts directs that a presiding judge must promptly review a petition, and if it plainly appears that the petitioner is not entitled to relief, must dismiss the petition. The Court has carefully examined the materials submitted by the petitioner and concludes that he has not presented a petition that states a viable

claim for relief. First, the majority of petitioner's allegations concern fraud, contract, indemnity, and corporate franchise entities. These claims do not appear to have any relevance to petitioner's convictions of murder and arson and do not state an arguable ground for habeas corpus relief. Therefore, the claims in Grounds 1, 2, 4, 5, 6 and 7 do not state a ground for relief.

Next, although petitioner alleges a violation of due process in Ground 3, the memorandum in support again fails to identify any relevance to his conviction or confinement and also fails to show that he properly exhausted any claim alleging a federal due process violation by presenting it to the Kansas courts. Instead, the portion of his supporting memorandum concerning this claim addresses the preamble of the United States Constitution and petitioner's status as "a beneficiary of thee constitution of thee United States" [sic]. Doc. 12, pp. 8-10. Therefore, this claim also fails to state a claim for relief.

### Conclusion

Because the corrected petition does not state an arguable claim for relief, the Court declines to reopen this matter. No certificate of appealability will issue.

IT IS, THEREFORE, BY THE COURT ORDERED the Court declines to reopen this matter.

IT IS FURTHER ORDERED petitioner's motion for leave to proceed in forma pauperis (Doc. 14) is denied as moot.

**IT IS SO ORDERED.**

DATED: This 21st day of February, 2020, at, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. District Judge